**Patricia SCHANCHE, Plaintiff,**

v.

**The ESTATE of Roberto ALVAREZ et al., Defendants.**

**No. 72-C-26.**

United States District Court, E. D. Wisconsin.

Nov. 5, 1973.

Cook & Franke by Robert E. Cook and Robert L. Elliott, Milwaukee, Wis., for plaintiff.

Arnold, Murray & O'Neill by James T. Murray, Milwaukee, Wis., for Farmers Ins. Group.

Kivett & Kasdorf by John M. Swietlik, Hayes & Hayes by Ronald L. Piette, Milwaukee, Wis., for Ehrenfeld and Allstate Ins. Co.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff's husband died as the result of injuries sustained in an auto accident. The defendant Farmers Insurance Group had issued an automobile liability insurance policy to Mr. Alvarez, who was also killed in the accident. The parties have stipulated that the plaintiff is entitled to the full limits of that poli-

cy, but they disagree as to what those limits are. The court has been asked to resolve the disagreement.

The policy in question was issued to Mr. Alvarez, a citizen of Oregon, in the state of Oregon. It is contended by Farmers, and undisputed by the plaintiff, that the policy satisfies Oregon's insurance requirements. The limits of liability are $10,000 per person and $20,000 per occurrence.

Despite the stated limits of the policy, the plaintiff contends that this court should conform the policy limits to $15,000/$30,000. The basis for this contention is a sentence in the policy which provides: "Policy terms which conflict with Wisconsin Statutes are amended to conform with such statutes." Such a conflict is alleged to exist because, according to the plaintiff, § 344.15(1) of the Wisconsin statutes "requires that policies of insurance issued in Wisconsin have limits of not less than $15,000.00 per person."

I believe the plaintiff's position is erroneous. The amendment provision of the policy only applies if there is a conflict with Wisconsin statutes; there is no conflict here. The plaintiff's argument implies that § 344.15(1) requires drivers to carry automobile insurance. Even if that were true, which it is not, there might still be no conflict, for § 344.15(2) exempts policies on out of state vehicles if, among other things, the policies meet the minimum liability limits of the states of issuance.

The main shortcoming of the plaintiff's premise is, however, as alluded to earlier, the fact that insurance is not mandatory in Wisconsin. Section 344.15 is part of the state's financial responsibility law, and it is directly applicable only after an accident. Laughnan v. Aetna Cas. & Sur. Co., 1 Wis.2d 113, 83 N.W.2d 747 (1957). Following an accident of the type specified in § 344.12, the administrator of the state's division of motor vehicles determines the amount of security necessary to satisfy any potential judgment resulting from that accident. Wis.Stats. § 344.13 (1971).

If a person has a policy of insurance in effect that satisfies § 344.15, the administrator need not make the determination that is otherwise required. Wis. Stats. §§ 344.13(1), 344.14(2) (1971). Furthermore, if a determination as to the amount of security has been made, later proof of the existence of such a policy satisfies the statute. Wis.Stat. § 344.14(2) (1971). Where no such policy exists, a party against whom such a determination is made must, subject to other exceptions, either deposit sufficient security or have his driver's license and vehicle registration suspended. Wis.Stat. § 344.14 (1971).

It is apparent, therefore, that insurance is not mandatory in Wisconsin. Proof of insurance which satisfies § 344.15 is simply one method of avoiding suspension of driving privileges following certain accidents. The fact that a policy issued in another state has lower limits than those stated in § 344.15(1) simply does not constitute a "conflict" between the policy and the statute.

Therefore, it is ordered that the plaintiff's application to conform the insurance policy herein referred to be and hereby is denied.